UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD CHARLES OWINGS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-487** |
| **WILLIAM J. BURRIS, ET AL.** | **SECTION: "J"(5)** |

## REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Richard Charles Owings, a pretrial detainee housed at the St. Tammany Parish Jail in Covington, Louisiana. In his lawsuit filed against Defendants, Assistant District Attorney Collin Sims,[1] Judge William Burris, an unidentified "Commissioner," and Sheriff Randy Smith, Plaintiff alleges various claims arising from his pending criminal proceedings in the 22nd Judicial District Court for St. Tammany Parish. Rec. docs. 1, 10 (Complaint), pp. 4, 6. Primarily, he complains about issues concerning excessive bail, the time limitations for trial on the criminal charges and his continued "illegal" custody. He filed supplemental memoranda alleging violations under the Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution stemming from his ongoing state criminal proceedings. Rec. docs. 6, 9, 15. He claims (1) that he was deprived of liberty because the "*Miranda* decision" did not offer him meaningful protection in violation of the Fifth

---

[1] Although identified in the complaint as District Attorney "Colin Sims," the undersigned notes that "Collin Sims" serves as Assistant District Attorney, Chief of the Criminal Division for the St. Tammany Parish District Attorney's Office.

Amendment; (2) that he was denied a speedy trial under Louisiana Code of Criminal Procedure article 701, in violation of the Sixth Amendment; (3) that the Commissioner set excessive bail in violation of the Eighth Amendment; (4) that Judge Burris and Sims are prejudiced against him and ignoring the state law requiring his release in violation of the Thirteenth Amendment; and (5) that Judge Burris, Sims and the Commissioner, along with the Sheriff, an "equal partner" in his excessive incarceration, intentionally ignored the state's laws in violation of his right to equal protection and due process under the Fourteenth Amendment.  Rec. docs. 6, at pp. 1, 2 and .9 at p. 1.  As relief, he requests monetary compensation.  Rec. doc. 10, p. 6.  He also seeks a medical release and expungement of his felony record.  Rec. doc. 15, p. 3.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, a federal court may dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any plaintiff allowed to proceed as a pauper, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), if it fails to state a claim upon which relief can be granted,  28 U.S.C. §1915(e)(2)(B)(ii); or if it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B)(iii); *see also* 42 U.S.C. §1997e(c).  Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that the suit be dismissed with prejudice as frivolous, for

failing to state a claim upon which relief can be granted, and for seeking monetary relief against immune defendants.

In his sole vague allegation against Sheriff Randy Smith, Owings claims that he "kept him in continual custody since February 11, 2021."[2] Owings seemingly implies that if the criminal charges against him should be quashed under state law for all the reasons alleged, then his continued detention is illegal. To the extent Owings indicates that he is being illegally detained in custody, a release from custody is not an available remedy under § 1983. *Kimble v. Jefferson Par. Sheriff's Off.*, Civ. Action No. 22-30078, 2023 WL 1793876, at *2 (5th Cir. Feb. 7, 2023) (upholding dismissal of speedy trial, ineffective assistance and due process § 1983 claims, which should have been pursued through habeas proceedings, as frivolous and for failure to state a claim for which relief can be granted under § 1983); *see also Smith v. Lafourche Par.*, Civ. Action No. 21-1714, 2021 WL 4975698, at *3 (E.D. La. Sep. 30, 2021), *report and recommendation adopted* 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); accord *Lerille v. Lafourche Par.*, Civ. Action No. 21-1729, 2021 WL 4975754, at *3 (E.D. La. Sep. 30, 2021), *report and recommendation adopted* 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021). If a state prisoner is not "in custody pursuant to the judgment of a state court" because he has not yet been convicted, a habeas corpus petition by such a prisoner is properly brought under 28 U.S.C. § 2241. *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). To the extent the claims presented here may be construed as challenging the fact and duration

---

[2] Rec. doc. 10, p. 3.

of his confinement and requesting *habeas corpus* relief, in the absence of any evidence Owings has exhausted his claims for relief,[3] the claims should be dismissed without prejudice.  *See Brignac v. Smith*, Civ. Action No. 15-4907, 2016 WL 3033543, at *3 (E.D. La. Jan. 14, 2016), *report and recommendation adopted*, 2016 WL 3020855 (E.D. La. May 26, 2016).

The remaining defendants, Assistant District Attorney Sims, Judge Burris, and an unidentified "bail-setting Commissioner," are all immune from suit.[4]  In his claim against Sims, Owings alleges that "D.A. Colin Sims has went way beyond time limitations for a trial." (Rec. doc. 10, Complaint, p. 4).  His allegations concern only purported acts or omissions by Sims in his role as a prosecutor, and it is well settled that "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and ... presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.' "  *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)); *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *see also*, *Kimble v. Jefferson Par. Sheriff's Off.*, No. 22-30078, 2023 WL 1793876, at *3 (5th Cir. Feb. 7, 2023) (citing *Cousin v. Small*, 325 F.3d 627, 631 (5th Cir. 2003) (per curiam) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)); *see also*, *Hunter v. James*, 717

---

[3] Rec. doc. 10, p. 1, Complaint, I(A) (indicating he has no other pending lawsuits in federal or state court relating to his imprisonment).

[4] As to any conclusory allegations concerning his ongoing state criminal charges and related proceedings, claims "related to rulings that will likely be made in a pending or anticipated criminal trial," would at best warrant a stay until the related criminal proceedings concluded.  *See Wallace v. Kato*, 549 U.S. 384, 393 (2007).  Here, however, he has not named any proper defendants.

4

F. App'x 500, 501 (5th Cir. 2018) ("District Attorney Craig Watkins… is absolutely immune from § 1983 immunity with respect to Hunter's speedy trial claim."); *Sampay v. Terrebonne Par. 32nd Judicial Court, et al.*, Civ. Action No. 22-1173, 2022 WL 2712873, at *6 (E.D. La. June 9, 2022), *report and recommendation adopted* 2022 WL 2704573 (E.D. La. July 12, 2022) (claim against district attorney and assistant district attorney for monetary relief for bringing criminal charges that resulted in pretrial detention dismissed because both enjoy absolute immunity related to role and actions as prosecutor); *Green v. New Orleans Police Dep't, et al.*, Civ. Action No. 12-1992, 2013 WL 5739076, at *4-5 (E.D. La. Oct. 22, 2013) (district attorney absolutely immune from claim by plaintiff alleging that he failed to prosecute him in a timely manner under La. Code Crim. Proc. Ann. art. 701).

Owings also alleges that "the Commissioner made bail/bond impossible to pay" and "William J. Burris, Judge, has denied actions for bail reduction, motion to reduce charges, time limitations." (Rec. doc. 10, Complaint, pp. 4, 6). As to Judge Burris, who "denied all pro-se motions or quashes," and the unnamed commissioner, who set bail for Owings, any claim against them in an official capacity is considered a claim against the state itself, and, therefore, it is barred by the Eleventh Amendment. *Rackley v. Louisiana*, Civ. Action No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007). Additionally, any claim against the judge or commissioner in their individual capacity is barred by absolute judicial immunity for acts performed within their jurisdictional authority. *See Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996). Even though Owings may disagree with the rulings made by the

5

judge or commissioner in his pending state criminal proceedings as to the initiation of prosecution and bail, "[a] judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." *Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); *see also Sampay*, Civ. Action No. 22-1173, 2022 WL 2712873, at *5 ("A judge's decision regarding the amount of bond is inextricably intertwined with official functions and duties as presiding judicial officers."). Thus, Owings' Section 1983 claims against Sims, Judge Burris and the unidentified "Commissioner" should be dismissed.

Finally, to the extent that Owings seeks a federal court order directing the state-court judge presiding over his state criminal proceedings to act concerning plaintiff's state criminal charges, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. *Hood v. Commissioner Foil*, Civ. Action No. 13-5853, 2013 WL 6174614, at *3 (E.D. La. Nov. 21, 2013) (citing *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001); *Santee v. Quinlan*, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), *aff'd*, 115 F.3d 355, 356-57 (5th Cir. 1997); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Moye v. Clerk*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Lamar v. 118th Jud. Dist. Ct.*, 440 F.2d 383, 384 (5th Cir. 1971); *White v. Stricklin*, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); *Norman v. La. S. Ct.*, No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.)). This court

lacks the authority to interfere with the orders of the state court judges having jurisdiction over Owings' criminal charges. *Id.*

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that to the extent it can be construed as a request for federal *habeas corpus* relief, the complaint be dismissed without prejudice for failure to exhaust available state-court remedies. Further, it is recommended that Owings' § 1983 claims be dismissed with prejudice pursuant to 28 U.S.C. §1915(e) and §1915A as legally frivolous, for failing to state a claim upon which relief can be granted, and for seeking monetary relief against an immune defendant.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this __28th__ day of June, 2023.

                                                 **MICHAEL B. NORTH**
                                                 **UNITED STATES MAGISTRATE JUDGE**

---

[5] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.